GARY E. KLAUSNER (State Bar No. 69077)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: gek@lnbyb.com, tma@lnbyb.com

*Attorneys for Plaintiff NG DIP Liquidating Trust*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NG DIP, INC. (f/k/a Nasty Gal, Inc.), a California corporation<br><br>                                 Debtor.<br><br>NG DIP LIQUIDATING TRUST,<br>                                Plaintiff,<br>v.<br>IMG MODELS, INC.,<br>                                Defendant. | Case No. 2:16-bk-24862-BB<br><br>Chapter 11<br><br>Adv. No. 2:18-ap-_____-BB<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF PREFERENTIAL TRANSFERS;**<br>**(2) RECOVERY OF AVOIDED TRANSFERS; AND**<br>**(3) DISALLOWANCE OF CLAIMS**<br><br>Date: [TO BE SET BY SUMMONS]<br>Time: [TO BE SET BY SUMMONS]<br>Place: Courtroom 1539<br>       Roybal Federal Building<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

Plaintiff NG DIP Liquidating Trust (the "Trust") avers and complains, by way of this Complaint, subject to amendment, as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding in the Chapter 11 bankruptcy case of *In re NG DIP, Inc. (f/k/a Nasty Gal, Inc.), a California corporation* (the "Debtor"), Case No. 2:16-bk-24862-BB, pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court"), is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (F) and (O).

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334, and 2201, and 11 U.S.C. §§ 502, 547, and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

3. Venue is proper in this Court under 28 U.S.C. § 1409(a), as this adversary proceeding arises under and in connection with a case under Title 11 pending in this district.

4. The Trust consents to the entry of final judgments and orders by the Court in this adversary proceeding.

## PARTIES

5. On November 9, 2016 (the "Petition Date"), the Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

6. On August 1, 2017, the Court entered its order (the "Confirmation Order") confirming the Joint Liquidating Plan of Reorganization of the Debtor and Official Committee of Unsecured Creditors Dated May 23, 2017 (the "Plan").

7.     Pursuant to the Plan and Confirmation Order, (a) the Trust was created, (b) Province, Inc. was appointed as the trustee of the Trust, (c) all of the property of the Debtor's bankruptcy estate, including litigation claims, including avoidance actions, was transferred to, and vested in, the Trust, and (d) the Trust was vested with authority to, among other things, pursue the litigation claims of the Debtor's bankruptcy estate transferred into the Trust and to object to claims.  Therefore, the Trust has standing and authority to assert the litigation claims and any claim objections set forth herein.

8.     The Trust is informed and believes and based thereon alleges that defendant, Echo IMG Models, Inc. (the "Defendant"), is an entity that is subject to the jurisdiction of this Court.

## FIRST CLAIM FOR RELIEF

### (To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

9.     The Trust re-alleges each and every allegation of this Complaint set forth above as if set forth fully herein.

10.    During the 90 days immediately preceding the Petition Date – *i.e.*, during the period of August 11, 2016 through and including November 9, 2016 (the "Preference Period"), the Debtor made one or more transfers to or for the benefit of the Defendant (teach a "Preferential Transfer" and, collectively, the "Preferential Transfers"), which are listed in **Exhibit "1"** hereto.

11.    The Trust is informed and believes and based thereon alleges that each Preferential Transfer constituted a transfer of an interest of the Debtor in property.

12.    The Trust is informed and believes and based thereon alleges that the Defendant was a creditor of the Debtor at the time each Preferential Transfer was made.

13.    The Trust is informed and believes and based thereon alleges that each Preferential Transfer was made on account of antecedent debt owed by the Debtor to the Defendant before the subject Preferential Transfer was made.

14. On November 23, 2016, the Debtor filed its Schedules of Assets and Liabilities listing $28.311 million in assets and $34.117 million in liabilities as of the Petition Date and, therefore, indicating that the Debtor was at least $5.806 million insolvent as of the Petition Date.

15. Pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date – *i.e.*, during the Preference Period.

16. Each Preferential Transfer was made while the Debtor was insolvent.

17. On May 23, 2017, the Debtor and the Official Committee of Unsecured Creditors (the "Committee") filed their *Disclosure Statement Describing Joint Liquidating Plan Of Reorganization Of Debtor And Official Committee Of Unsecured Creditors Dated May 23, 2017* (the "Disclosure Statement").

18. In the Disclosure Statement, the Debtor and Committee estimated that the holders of allowed general unsecured claims would receive a distribution of between 10.5% and 27.5% on account of their claims.

19. On May 26, 2017, the Court entered an order (a) holding that the Disclosure Statement contained adequate information as defined by 11 U.S.C. § 1125 and (b) approving the Disclosure Statement.

20. At present, the Trust estimates that the distribution on allowed general unsecured claims will be no greater than 10%.

21. Each Preferential Transfer enabled the Defendant to receive more than the Defendant would have received if:

    (a) the Debtor's bankruptcy case was a case under chapter 7,

    (b) the subject Preferential Transfer had not been made, and

    (c) the Defendant received payment of such debt to the extent provided by Title 11 of the United States Code.

22. Each Preferential Transfer is avoidable by the Trust pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

**(To Recover Avoided Transfers Pursuant to 11 U.S.C. § 550(a))**

23. The Trust re-alleges each and every allegation of this Complaint set forth above as if set forth fully herein.

24. The Defendant was the initial transferee of each of the Preferential Transfers.

25. Upon avoidance of each or any of the Preferential Transfers, the Trust is entitled to recover from the Defendant any avoided Preferential Transfer or the value thereof, with interest thereon at the maximum legal rate from the date of each of the Preferential Transfers, for the benefit of the Trust pursuant to 11 U.S.C. § 550(a).

## THIRD CLAIM FOR RELIEF

**(For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

26. The Trust re-alleges each and every allegation of this Complaint set forth above as if set forth fully herein.

27. One or more of the Preferential Transfers is recoverable from the Defendant pursuant to 11 U.S.C. § 550, and the Defendant has not paid the Trust the amount recoverable from the Defendant pursuant to 11 U.S.C. § 550.

28. Based on the foregoing, any and all claims of the Defendant against the Debtor and/or the Trust must be disallowed pursuant to 11 U.S.C. § 502(d).

/ / /

/ / /

# **PRAYER FOR RELIEF**

**WHEREFORE,** the Trust prays for judgment as follows:

A.  <u>On the First and Second Claims for Relief:</u>  A judgment in favor of the Trust and against the Defendant (1) avoiding the Preferential Transfers, (2) entitling the Trust to recover from the Defendant any avoided Preferential Transfers or the value thereof, with interest thereon, at the maximum legal rate, from the date of each of the Preferential Transfers, for the benefit of the Trust, and (3) entitling the Trust to recover from the Defendant attorneys' fees and expenses incurred in connection with the claims asserted herein to the extent allowable under applicable law;

B.  <u>On the Third Claim for Relief:</u>  A judgment in favor of the Trust and against the Defendant disallowing any and all claims of the Defendant against the Debtor and/or the Trust.

C.  <u>On All Claims for Relief:</u>  For such other and further relief as the Court deems just and proper.

DATED: November 8, 2018              LEVENE, NEALE, BENDER, YOO
                                                       & BRILL L.L.P.

By:  */s/ Todd M. Arnold*
       GARY E. KLAUSNER
       TODD M. ARNOLD
*Attorneys for Plaintiff NG DIP Liquidating Trust*

**EXHIBIT "1"**

| IMG Models, Inc. | Date | Amount |
|---|---|---|
| | 9/22/2016 | $ 14,400.00 |
| | 9/27/2016 | $ 14,977.10 |
| | 10/12/2016 | $ 14,400.00 |
| | 10/12/2016 | $ 595.00 |
| | 10/12/2016 | $ 815.00 |
| | 10/18/2016 | $ 14,400.00 |
| | 10/28/2016 | $ 572.00 |
| | 11/3/2016 | $ 15,161.20 |
| | | $ 75,320.30 |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFF(S)**<br>NG DIP Liquidating Trust | **DEFENDANT(S)**<br>IMG Models, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>GARY E. KLAUSNER (State Bar No. 69077)<br>TODD M. ARNOLD (State Bar No. 221868)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: gek@lnbyb.com, tma@lnbyb.com<br><br>Attorneys for Plaintiff NG DIP Liquidating Trust | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT FOR: (1) AVOIDANCE OF PREFERENTIAL TRANSFERS; (2) RECOVERY OF AVOIDED TRANSFERS; AND (3) DISALLOWANCE OF CLAIMS ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property<br>☒ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | ☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>(continued next column) | **Other: VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362)**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: $75,320.3 |
| Other Relief Sought: ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>**NG DIP, INC. (f/k/a Nasty Gal, Inc.), a California corporation** | BANKRUPTCY CASE NO.<br>**2:16-bk-24862-BB** ||
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**LOS ANGELES DIVISION** | NAME OF JUDGE<br>**THE HON. SHERI BLUEBOND** |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ *Todd M. Arnold* |||
| DATE<br>November 8, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Todd M. Arnold ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.